UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20171-CR-KING

UNITED STATES OF AMERICA,

v.

JOSE CASTILLO,

    Defendant.
_____/

## ORDER REJECTING PLEA AGREEMENT AND SETTING TRIAL

THIS CAUSE comes before the Court upon *sua sponte* consideration of the Plea Agreement (DE #111) entered into by the parties on October 6, 2010 in the above-styled case. Upon consideration of the Plea Agreement in preparation for the sentencing hearing set by this Court for May 11, 2011 (DE # 136) and after conducting an 9-day trial involving two of Defendant's co-Defendants, Jose Fermin and Terri Decubas, the Court finds that it must reject, under the discretion recognized by FED. R. CRIM. P. 11(c)(5), the Agreement for the reasons outlined below.

### I. Procedural Background

On March 16, 2010, the Government filed its Indictment (DE #3) against Defendant Castillo and his two co-Defendants Decubas and Fermin. Therein, the Government stated 12 counts of criminal activity against the three defendants,[1] all of which emanated from a purported

---

[1] The 12 counts were as follows: Count 1, Conspiracy to Commit Mail Fraud; Count 2-4, Mail Fraud; Count 5, Conspiracy to Distribute Prescription Drugs Wholesale without a License; Counts 6-8, Unlicensed Wholesale Distribution of Prescription Drugs; Count 9, Conspiracy to Commit Money Laundering; Counts 10-11, Money Laundering; Count 12, False Statement; and a claim for Forfeiture. All but Count 12 included allegations against Defendant Castillo.

> conspiracy [of] the defendants to unlawfully enrich themselves by, among other things, purchasing prescription drugs from persons not licensed to distribute them; arranging for the sale of those prescription drugs wholesale to pharmacies; shipping those drugs from the Southern District of Florida ... and disguising the unlicensed source of the prescription drugs.

(DE #3 ¶3). According to the Indictment, the conspiracy was accomplished by a complex system of shell corporations designed to disguise the criminal activity, which resulted in at least $18.4 million in proceeds obtained, directly or indirectly, by the Defendants as a result of their alleged crimes.

A little over a month later, the Government superseded the Indictment (DE #50) amending the allegations against Defendant Castillo and his co-Defendants to involve an additional Defendant, Blanca E. Casas, and six new counts of criminal activity: three additional counts of Money Laundering (Counts 12-14), and three counts of Structuring under 31 U.S.C. § 5324(a)(3) and (d)(2).[2] However, the Superseding Indictment did not substantially amend the allegations stated against Defendant Castillo in the original Indictment.[3]

After initially pleading not guilty (DE #40) to the original Indictment, Defendant Castillo changed his plea to guilty on October 6, 2010 before Magistrate Judge Barry L. Garber. At that time, in support of Defendant's guilty plea, the parties filed a Factual Proffer Statement (DE #110), and a Plea Agreement (DE #111). According to the Factual Proffer, Defendant Castillo agreed that the following statements were accurate:

1) Since approximately 1995, Castillo owned and operated a business known as Jemco Medical International, which was licensed by Florida to distribute prescription drugs wholesale. In April 2002, Jemco lost its license and went out of business. Castillo subsequently incorporated another business in the same location which performed substantially similar sales, although it was not licensed

---

[2] The claims of Structuring were only directed at Defendant Casas, and did not include any claim against Defendant Castillo.
[3] The Superseding Indictment stated 14 counts against Defendant Jose Castillo.

2

    to distribute prescription drugs wholesale by the state of Florida. (DE #110 ¶1). Defendant Decubas took similar action with another business, also located in the same place where Jemco once operated. Defendant Fermin worked at that location with Defendants Decubas and Castillo.

2) In cooperation with another individual, Defendants Castillo, Decubas, and Fermin set up and incorporated Swift-Freight in Tennessee, with which they obtained a Federal Express account. *Id.* ¶2.

3) Defendants Castillo and Fermin, and to a lesser extent Decubas, solicited orders for prescription drugs from pharmacies, which they filled by purchasing prescription drugs on the black market and then shipped *via* Swift Freight's Federal Express account from the Southern District of Florida to a company known as Pharmacy Distributors Group, LLC ("PDG") located in Boerne, Texas. Based on these sales, the pharmacies paid PDG approximately $1.7 million. *Id.* ¶3.

4) Defendants Castillo and Fermin created fraudulent invoices to conceal their activity. These fraudulent invoices reflected sales of prescription drugs from wholesale supply companies to PDG, thereby disguising the black-market source of the drugs. *Id.* ¶4.[4]

The Factual Proffer of the parties was filed in support of the parties' Plea Agreement. Under the terms of that Agreement, Defendant Castillo pleaded guilty to one count of the 18-count Superseding Indictment: Count 5, which charged Defendant with conspiracy to distribute prescription wholesale drugs without a license (DE #111 ¶1) and estimated the loss at more than $1 million but less than $2.5 million. *Id.* ¶9. In exchange, the Government agreed to seek dismissal of the remaining 13 counts of the Superseding Indictment pertinent to Castillo. *Id.* ¶2. The maximum sentence that might be imposed by the Court for Count 5 is imprisonment of up to 5 years, followed by a term of three years supervised release. *Id.* ¶4. Among other conditions, the Government agreed to recommend a sentence at the low range of the advisory guideline range, as well as recommending to the Court that Defendant Castillo's offense level be reduced by three levels based upon Defendant Castillo's recognition and affirmative and timely acceptance

---

[4] For the sake of convenience, the Court has summarized the Factual Proffer where possible.

of personal responsibility for the fifth count even though he did not testify at the trial of his Co-defendants. *Id.* ¶7-8.

Further, the Government agreed with the Defendant's objections to Probation's recommendations of a four-level increase for leadership (role assessment factor) and joined in a recommendation for a two-level assessment; agreed with defense objection to Probation's recommendation for a two-level increase for Castillo's sophisticated criminal scheme; and to ". . . jointly recommend (with Defendant) that the Court neither depart upward nor depart downward under the Sentencing Guidelines . . ." (pp. 2-3 Plea Agreement)

## II. Trial of Co-Defendants Fermin and Decubas

From May 2, 2011 through May 12, 2011, this Court conducted trial on the Government's Superseding Indictment against co-Defendants Fermin and Decubas. During trial, the Government called 28 witnesses and introduced hundreds of pages of documents in more than 225 numbered exhibits proving the criminal conspiracy between Castillo, Decubas, and Fermin. At all times, the Government indicated to the jury that Jose Castillo was the organizer and leader of this huge criminal conspiracy. The Government also introduced detailed evidence of the $18 million paid to the Defendants for the illegal black market drugs they were dispersing.

## III. Conclusion

Upon consideration of the Plea Agreement in the context of the 9-day trial of Castillo's co-Defendants, the Court finds that the Agreement does not comport with the requirements of justice. There is no doubt that the Government possesses significant evidence regarding the criminal enterprise at issue and alleged by the 18-count

4

Superseding Indictment, as nine days of trial have demonstrated. At trial, the Government put forth significant evidence demonstrating Defendant Castillo's alleged role as the organizer of the fraudulent criminal scheme. Additionally, the Government presented evidence demonstrating the financial ramifications of Defendant's alleged actions; in this case, over $18 million.

In light of the circumstances, the Court cannot accept the Plea Agreement between the parties because it neither accomplishes the desired end of punishing criminal activity, nor serves as deterrence to future criminal activity. The fourteen counts of the Superseding Indictment against Defendant Castillo carry a maximum statutory penalty of up to 230 years of imprisonment. The Plea Agreement would limit the Court's sentencing discretion to no more than a statutorily-authorized maximum of five years.

Moreover, Defendant's alleged actions, if proven at trial, will have had a hugely detrimental impact upon the communities in which Defendant operated. Although the pharmacies that purportedly purchased prescription drugs from Defendant are the most apparent victims, the communities in which those pharmacies operated were also victimized by Defendant's alleged actions. For example, medically needy individuals were, because of Defendants' actions, purchasing medication through channels that were neither licensed nor approved.[5] This type of illegal activity may have resulted in either compromised or ineffective medication. Thus, there can be no doubt that the allegations at issue here, if proven, constitute an immediate and serious danger to the public's health and welfare.

---

[5] There is evidence in the trial record indicating that some of the prescription drugs sold by Defendants were stored improperly, which could have compromised their efficacy as life-saving treatment. Additionally, the Court takes judicial notice of an earlier case involving Defendant Castillo, Case No. 03-20657-BKC-JKO, which made similar findings.

Therefore, in light of the evidence of criminal conduct perpetuated by Defendant Castillo during the trial, the complex and long-standing fraud involving the sale of life-saving medications, and the many millions of dollars in illegal gains, the Court finds that the Plea Agreement does not adequately ensure the ends of justice are satisfied.

Accordingly, upon due consideration of the above-styled matter and being fully advised on the premises, it is **ORDERED, ADJUDGED** and **DECREED** that:

1. The parties' Plea Agreement (DE #111) is hereby **REJECTED** and **SET ASIDE**.

2. Defendant Castillo's plea of guilty to Count 5 be and the same is **SET ASIDE**.

3. This case is hereby set for Trial on the Court's two-week calendar of July 18, 2011.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 26th day of May, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:
**Counsel for United States**
**Arimentha R. Walkins**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9091
Fax: 305-536-7599
Email: arimentha.walkins@usdoj.gov

**Marc Osborne**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9198
Fax: 305-530-6168
Email: marc.osborne@usdoj.gov

**Counsel for Defendant Castillo**
**Barry Michael Wax**
Law Offices of Barry M. Wax
800 Brickell Avenue
Penthouse 2
Miami, FL 33131
305-373-4400
Fax: 358-4010
Email: barrywax@bellsouth.net

U.S. Probation Office